IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PEGGY D. MARSHALL | ) |
| | ) |
| v. | ) NO. 3-14-1569 |
| | ) JUDGE CAMPBELL |
| SSC NASHVILLE OPERATING | ) |
| COMPANY, LLC | ) |

MEMORANDUM

Pending before the Court is Plaintiff's Motion to Vacate or Modify, in Part, Arbitration Award (Docket No. 11). For the reasons stated herein, Plaintiff's Motion is DENIED.

INTRODUCTION

Plaintiff, a former Rehabilitation Program Manager ("RPM") for Defendant, asks the Court to vacate or modify a portion of the Arbitration Award entered in this case, specifically the portion concerning Plaintiff's wage discrimination claims brought under the Age Discrimination in Employment Act ("ADEA") and the age discrimination provisions of the Tennessee Human Rights Act ("THRA"). The Arbitrator found that Plaintiff had not shown that her wages were less than those of employees younger than she because of her age.

STANDARD OF REVIEW

The Federal Arbitration Act ("FAA") expresses a presumption that arbitration awards will be confirmed. 9 U.S.C. § 9. A court's review of an arbitrator's award is very narrow; one of the narrowest standards of judicial review in all of American jurisprudence. *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 429 F.3d 640, 643 (6th Cir. 2005) (*cited in Pureworks, Inc. v. Unique Software Solutions, Inc.*, 2012 WL 6737773 at * 2 (M.D. Tenn. Dec. 28, 2012)).

The FAA provides that a court must confirm an arbitration award unless it is vacated, modified or corrected as prescribed in Sections 10 and 11 of that Act. 9 U.S.C. § 9. In attempting to vacate or modify an arbitration award governed by the FAA, a disappointed party must look to sections 10 and 11 of Title 9, which provide the exclusive regime for the review provided by the FAA. *Grain v. Trinity Health Mercy Health Services, Inc.*, 551 F.3d 374, 378 (6th Cir. 2008) (citing *Hall St. Assocs. v. Mattel, Inc.*, 128 S.Ct. 1396, 1406 (2008)).

The Court may vacate an arbitration award if: (1) the award was procured by corruption, fraud or undue means; (2) there was evident partiality or corruption in the arbitrator; (3) the arbitrator was guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) the arbitrator exceeded his powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10. The standard for the Court's review of whether the arbitrator's decision constituted "misconduct" is "abuse of discretion." *Questar Capital Corp. v. Gorter*, 909 F.Supp.2d 789, 816 (W.D. Ky. 2012). To meet this standard, the party seeking to vacate the arbitration award must prove by clear and convincing evidence that the arbitrator had no reasonable basis for his decision. *Id.* at 816-17.

The Court may modify or correct an arbitration award (1) where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award, (2) where the arbitrator has awarded upon a matter not submitted to him, unless it is a matter not affecting the merits of the decision upon the matter submitted, or (3) where the award is imperfect in matter of form not affecting the merits of the

2

controversy. 9 U.S.C. § 11. The statute also states that the order may modify and correct the award so as to effect the intent thereof and promote justice between the parties. *Id*.

Although it is true that the Sixth Circuit Court of Appeals has said that "manifest disregard of the law" may supply a basis for vacating an award, *Hall Street*'s reference to the "exclusive" statutory grounds for obtaining relief casts some doubt on the continuing vitality of that theory. *Grain*, 551 F.3d at 380; *see also National Renal Alliance, LLC v. GAIA Healthcare Systems, LLC*, 2011 WL 465856 at n. 3 (M.D. Tenn. Feb. 3, 2011). In this case, the Court need not decide whether to apply the "manifest disregard of the law" standard, as Plaintiff has failed to meet her burden under that standard as well.

## AGE DISCRIMINATION

It is unlawful, under both state and federal law, for an employer to discriminate against an employee with respect to her compensation because of such employee's age. Tenn. Code Ann. § 4-21-401(a)(1) and 29 U.S.C. § 623(a)(1). To establish a *prima facie* case of age discrimination, Plaintiff must establish that (1) she is a member of a protected class, (2) she was subjected to an adverse employment action, (3) she was otherwise qualified for the position, and (4) similarly-situated non-protected employees were treated more favorably. *Mickey v. Zeidler Tool and Die Co.*, 516 F.3d 516, 521 (6th Cir. 2008). If Plaintiff establishes a *prima facie* case, the burden shifts to Defendant to articulate a legitimate, non-discriminatory reason for its actions. *Mickey* at 521. If Defendant articulates such a reason, then the burden shifts back to Plaintiff to show that this reason is pretextual. *Id*.

The Supreme Court has upheld the mandatory arbitration of claims under the ADEA. *Gilmer v. Interstate/Johnson Lane Corp.*, 111 S.Ct. 1647 (1991) (*cited in Floss v. Ryan's Family Steak*

*Houses, Inc.*, 211 F.3d 306, 312 (6th Cir. 2000)). The *Gilmer* Court held that contractual provisions requiring individual ADEA claimants to submit their claims to arbitration are enforceable. *Gilmer*, 111 S.Ct. at 1656-57; *see also Gunby v. Equitable Life Assur. Soc. of U.S.*, 971 S.W.2d 7 (Tenn. Ct. App. 1998).

Although her claim is not based upon the Equal Pay Act, Plaintiff's arguments center primarily on Equal Pay Act principles. Courts have recognized that the Equal Pay Act "overlaps" with Title VII and the two statutes should be construed harmoniously. *Frett v. Howard Univ.*, 24 F.Supp.3d 76, 85 (D.D.C. 2014). The Sixth Circuit has held that when an Equal Pay Act claim and a Title VII claim arise out of the same set of underlying facts, both stating a charge of wage discrimination, the standards of liability under the two statutes are sufficiently similar that the disposition with respect to the two claims should be the same. *Crowder v. Railcrew Xpress*, 557 Fed. Appx. 487, 494 (6th Cir. 2014).

Under the Equal Pay Act, no employer shall discriminate between employees on the basis of sex by paying wages at a rate less than the rate at which it pays wages to employees of the opposite sex for equal work on jobs the performance of which requires equal skill, effort and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (1) a seniority system, (2) a merit system, (3) a system which measure earnings by quantity or quality of production, or (4) a differential based on any other factor other than sex. 29 U.S.C. § 206(d)(1).

## ANALYSIS

Plaintiff bases her argument largely on the allegation that Defendant offered no explanation for why every other RPM in Tennessee, all of whom were younger and less experienced, was paid

more than she was. Plaintiff cites the testimony of Tracy Hayworth, the person designated by Defendant to give testimony on its behalf in this litigation, who stated that Defendant does not know why the younger RPMs were paid more that Plaintiff. Hayworth's testimony is not, however, the only testimony with regard to why there was a disparity between Plaintiff's wages and those of other RPMs.

The person who was Plaintiff's supervisor, Keith Lindsey, also testified. At the time of Hayworth's deposition, Lindsey no longer worked for Defendant, so he could not have been the witness designated by Defendant to give testimony on its behalf. Hayworth testified that Lindsey was the person who would have had more direct knowledge as to how a particular person's salary was set and that, at the time of her deposition, she had not discussed the specific negotiations of salaries with him.

As the Arbitrator noted, Lindsey testified that the relative rates of pay for RPMs in his region were established as a result of individually-negotiated salaries. Lindsey also testified that existing employees could seek a market adjustment in their compensation, some had done so quite successfully, and Plaintiff never requested such an adjustment. Plaintiff also testified that she never requested such an adjustment.

Whether the Court deems Lindsey's explanation to be the legitimate, non-discriminatory reason articulated by Defendant in response to Plaintiff's *prima facie* case or the defense articulated by Defendant in response to the Equal Pay Act standards (that is, a differential based on any other factor other than age), the Arbitrator's decision to credit Lindsey's testimony (admitted, in part, by Plaintiff) is a reasonable basis for his decision with regard to Plaintiff's wage discrimination claim.

5

The Arbitrator's decision does not represent an abuse of discretion or an imperfect execution of his powers. Plaintiff's focus solely on the testimony of Ms. Hayworth does not fully represent the opinion of the Arbitrator on this issue. Plaintiff has not carried her substantial burden of showing that the Arbitrator's Award should be vacated or modified under Sections 10 or 11 of the FAA. Therefore, the Court finds that the decision of the Arbitrator should be affirmed.

## CONCLUSION

For these reasons, Plaintiff's Motion to Vacate or Modify, in Part, Arbitration Award (Docket No. 11) is DENIED, and this action is DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE